## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) Victor Welding Supply Company, an Oklahoma corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 19-cv-00053-JED-JFJ |
| (1) Cryo-Express, LLC, a Maryland limited liability company, | ) ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

## COMPLAINT FOR TRADEMARK INFRINGEMENT

COMES NOW Plaintiff Victor Welding Supply Company ("Victor Welding") and in support of its Complaint for trademark infringement and unfair competition against Defendant Cryo-Express, LLC ("Cryo-Express") alleges and asserts as follows:

### I.       THE PARTIES

1.       Plaintiff Victor Welding is a corporation organized under the laws of the State of Oklahoma, with a principal place of business at 123 South Peoria Avenue, Tulsa, Oklahoma 74120.

2.       Upon information and belief, Defendant Cryo-Express is a limited liability company organized under the laws of the State of Maryland, with a place of business at 7905A Airpark Road, Gaithersburg, Maryland 20879.

### II.       JURISDICTION & VENUE

3.       This action arises under federal law, namely the Lanham Act, 15 U.S.C. §1051 *et seq.*, specifically Sections 32 and 43(a) and (c) of the Lanham Act, 15 U.S.C. §§1114 and 1125(a) and (c) and state trademark infringement and unfair competition laws. This Court therefore has

jurisdiction over the subject matter of this action under Section 39 of the Lanham Act, 15 U.S.C. §1121, and under 28 U.S.C. §§1331 and 1338. This Court also has subject matter jurisdiction over Plaintiff's related state and common-law trademark infringement and unfair competition claims pursuant to 28 U.S.C. §§1338 and 1367.

4.     This Court has personal jurisdiction over Defendant because, based upon information and belief, Defendant has a location in the United States and has distributed or sold, or offered to sell, their products containing the infringing trademarks in the United States. As such, the actions giving rise to this lawsuit have occurred in this District, and Defendant has caused damage to Victor Welding in this District.

5.     Venue in this Court is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the action occurred and are occurring in this judicial district.

### III.     FACTUAL BACKGROUND

6.     Plaintiff Victor Welding is a producer and supplier of liquid cryogenic preparations. For over a decade, Plaintiff has been using its **CRYO-EXPRESS** trademark in connection with its liquid cryogenic preparations.

7.     Victor Welding is the owner of an incontestable federal trademark registration for the mark **CRYO-EXPRESS** (U.S. Registration No. 3,928,045).   A copy of the Registration Certificate is attached hereto as *Exhibit A*.

8.     Plaintiff has used the trademark **CRYO-EXPRESS** extensively and continuously since at least 2002 for liquid cryogenic preparations for use in the oil and gas industry and for metal fabrication.  The mark **CRYO-EXPRESS** has come to represent the quality and reputation of Plaintiff's products.

9.     Defendant Cryo-Express, through its website https://cryoexp.com/, is a provider, supplier and/or source of liquid and compressed gases, delivery systems, and manifolds.

10.    Defendant Cryo-Express has been using **CRYO EXPRESS** as a trademark and a tradename in connection with offering for sale and selling of liquid and compressed gases, delivery systems, and manifolds, products similar to those offered by Plaintiff Victor Welding.

11.    The goods distributed, offered for sale, and sold by Defendant are not manufactured by Victor Welding, nor does Victor Welding consent to, sponsor, endorse, or approve of Defendant's use of the **CRYO-EXPRESS** mark on any products or services.

12.    Defendant's use of **CRYO EXPRESS** is likely to confuse, mislead, and deceive the public as to the origin of the mark, or potentially cause these persons to believe that the products have been sponsored, approved, authorized, or licensed by Victor Welding, and/or that Defendant is in some way affiliated or connected with Victor Welding.

13.    Plaintiff has no affiliation with Defendant and therefore no control over the nature and quality of Defendant's products or website. Accordingly, not only are consumers likely to be confused or deceived regarding the source of Defendant's products, but the invaluable brand equity and reputation of Plaintiff and its mark will be directly diminished and diluted by association with Defendant's website and featured products.

14.    Victor Welding has requested that Defendant cease and desist its use of **CRYO EXPRESS** and has given Defendant actual notice of Victor Welding's federal trademark registration and trademark rights, but Defendant continues to use the mark.

## IV. CLAIMS FOR RELIEF

### Federal Trademark Infringement

### Under Lanham Act §32, 15 U.S.C. §1114

15.     Victor Welding incorporates the allegations and averments of paragraphs 1 through 14 above as though fully set forth in this paragraph.

16.     Defendant has infringed the registered **CRYO-EXPRESS** mark through its offering of liquid and compressed gases, delivery systems, and manifolds under the designation **CRYO EXPRESS**.

17.     Defendant's use of **CRYO EXPRESS** in interstate commerce in connection with its products is likely to confuse, mislead, or deceive the public as to the origin of the mark, or cause these persons to believe that the products have been sponsored, approved, authorized, or licensed by Victor Welding and/or that Defendant is in some way affiliated or connected with Victor Welding.

18.     Defendant's activities described above constitute direct infringement of Victor Welding's rights in its federally registered **CRYO-EXPRESS** mark under 15 U.S.C. §1114.

19.     Victor Welding has requested that Defendant cease its acts of trademark infringement, and has given Defendant actual notice of Victor Welding's federal trademark registration, but Defendant refused to cease their infringing acts. As a direct and proximate result of Defendant's willful and deliberate conduct, Plaintiff Victor Welding has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proved at trial.

20.     If Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff Victor Welding will be irreparably harmed both within the United States and worldwide.

Monetary damages alone cannot compensate Victor Welding for the harm that Defendant will cause to it.  Plaintiff is entitled to injunctive relief prohibiting Defendant from using a confusingly similar mark.

## Federal Unfair Competition/False Designation of Origin

## Under Lanham Act §43(a), 15 U.S.C. §1125(a)

21.     Plaintiff Victor Welding incorporates the allegations and averments of paragraphs 1 through 20 above as though fully set forth in this paragraph.

22.     Defendant's use of **CRYO EXPRESS** is likely to cause confusion or mistake, or is likely to deceive as to the origin or sponsorship of Defendant's products or commercial activities in violation of 15 U.S.C. §1125(a). As a direct and proximate result of Defendant's willful and deliberate conduct, Victor Welding has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proven at trial.

23.     If Defendant is permitted to continue its willful and deliberate acts of infringement, Plaintiff will be irreparably harmed. Monetary damages alone cannot compensate Victor Welding for the harm that Defendant will cause to Victor Welding.  Plaintiff Victor Welding is entitled to injunctive relief prohibiting Defendant from using a confusingly similar mark in connection with its products.

## False Advertising

## Under Lanham Act §43(a), 15 U.S.C. §1125(a)

24.     Plaintiff Victor Welding incorporates the allegations and averments of paragraphs 1 through 23 above as though fully set forth in this paragraph.

25.     Defendant uses the designation **CRYO EXPRESS** in connection with and in commercial advertising or promotion of their products. Defendant's actions constitute false

advertisement that misrepresents the nature, characteristics, qualities, and origin of Defendant's products and/or deceives or has a tendency to deceive a substantial segment of consumers into believing that Defendant's products have the nature, characteristics, qualities, and/or geographical origin of Victor Welding's products.  This deception is likely to influence consumers' purchasing decision about Defendant's products. Defendant's use is also likely to lessen the goodwill associated with Victor Welding's products by associating Victor Welding's products with the inferior qualities of Defendant's products.

26.     Defendant's wrongful activities have caused Victor Welding irreparable injury. As a direct and proximate result of Defendant's unlawful activities, Victor Welding has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business, goodwill, and reputation associated with Victor Welding's products in an amount to be proved at trial.

27.     As a direct and proximate result of Defendant's unlawful activities, the goodwill and reputation that Victor Welding has created for its **CRYO-EXPRESS** mark have been diminished and injured, which will continue, unless the conduct of Defendant is enjoined by this Court.

### State Common Law Unfair Competition

28.     Victor Welding incorporates the allegations and averments of paragraphs 1 through 27 above as though fully set forth in this paragraph.

29.     Defendant's activities complained of herein constitute unfair and unlawful practices in violation of the common law of the State of Maryland to the injury of Victor Welding and to the public.

30.     As a direct and proximate result of Defendant's willful and deliberate conduct, Victor Welding has suffered, and will continue to suffer, substantial injuries, loss, and damage to its business and goodwill in an amount to be proved at trial.

31.     If Defendant is permitted to continue its willful and deliberate acts of infringement, Victor Welding will be irreparably harmed. Monetary damages alone cannot compensate Victor Welding for the harm that Defendant will cause to Victor Welding. Plaintiff is entitled to injunctive relief prohibiting Defendant from using a confusingly similar mark in connection with its products.

## V.     JURY TRIAL DEMAND

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury of all issues properly triable as of right by a jury.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Victor Welding prays for entry of judgment in its favor and against Defendant Cryo-Express as follows:

a)  A judgment that Defendant has infringed United States Trademark Registration No. 3,928,045, pursuant to 15 U.S.C. §1114;

b)  A judgment that Defendant has committed acts of unfair competition, false designation of origin, and false advertising under 15 U.S.C. §1125(a);

c)  A permanent injunction restraining and enjoining Defendant, and all of its agents, successors, and assigns, and all persons in active concert or participation with it from using **CRYO EXPRESS** or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the **CRYO-EXPRESS** mark, or which is likely to cause confusion or mistake, or to deceive, including any use on the Defendant's website or on the Internet;

7

d) An order requiring Defendant to deliver to Victor Welding all products, labels, marketing, promotional, and other materials in their possession, custody, or control bearing **CRYO EXPRESS**, or any other mark or name, alone or in combination with other words or symbols, which is confusingly similar to the **CRYO-EXPRESS** mark, or which is likely to cause confusion or mistake or to deceive;

e) An order requiring Defendant to file with this Court and serve upon Victor Welding within thirty (30) days after entry of the permanent injunction with a report, in writing and under oath, setting forth in detail the manner and form in which they have complied with the injunction;

f) An accounting and an award to Victor Welding of all profits received by Defendant to date of any kind made as a result of Defendant's infringement and unfair competition, such damages to be trebled pursuant to 15 U.S.C. §1117;

g) That in lieu of damages described above, at Victor Welding's election prior to final judgment, Victor Welding be awarded statutory damages pursuant to 15 U.S.C. §1117(b);

h) An award to Victor Welding of the costs of this action and reasonable attorneys' fees; and

i) An award to Victor Welding of such other and further relief as the Court shall deem just.

DATED this 31st the day of January, 2019.

Respectfully submitted,

_s/cassandralwilkinson_
Cassandra L. Wilkinson. OBA No. 20368
HEAD, JOHNSON, KACHIGIAN & WILKINSON, PC
228 West 17th Place
Tulsa, Oklahoma 74119
(918) 587-2000
cwilkinson@hjkwlaw.com
Attorneys for Plaintiff